UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLENN FLOYD SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-08-194 |
| | § | |
| DIANE KUKUA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Glenn F. Smith, (TDCJ # 851176) an inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights by 49 prison officials. (Doc. # 1). Smith proceeds *pro se* and *in forma pauperis*. He has filed a more definite statement (Doc. # 13) and an amended complaint. (Doc. # 15). The Court has carefully considered all pleadings. Most of plaintiff's claims appear to be time-barred; however, the Court will discuss the merit of plaintiff's claims and dismiss them for the following reasons.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915A(b)(1). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

A plaintiff proceeding pursuant to § 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Smith has filed 286 pages of complaints dating from 1992 to 2008. Because of the sheer volume and burdensome nature of these claims, the Court will address the claims using the more definite statement as a guide. The first question of the order for more definite statement orders plaintiff to give specific facts, including approximate dates, regarding incidents in which his civil rights were violated by defendants. (Doc. # 12).

Smith claims that Defendants Kukua, Walraven, Haywood, Mukoro, Ward, Lorlimier, Price, Adeshina, Stanley Jackson, Teague, Guyton, Smith, Samples, Seale, Scott, Estes, Bemis, Jackson, and Wyatt violated his civil rights by denying him access to courts in the following cause numbers: 97-80; 98-37; 98-525; 98-748; 02-869;01-04-529 CR; 01-04-530 CR; 01-04-531 CR; 01-04-532 CR; and 06-40795. (Doc. # 13, p.1). Plaintiff alleges that his constitutional rights were violated by these defendants on August 7, 2004 and December 20, 2004, when cell doors were not timely rolled back to allow for timely egress to the law library; on September 10, 2004,

and September 21, 2004, when plaintiff was ordered to return to his cell despite his possession of a lay-in pass for the law library; and, when he was delayed from leaving his cell on December 21, 2004, for overtime law library use. He also alleges that his constitutional rights were violated when efendants failed to properly investigate his grievances concerning these occurrences that resulted in delay or denial of access to the courts.

Smith further alleges that Defendants Negbenebor, Peschke, Williams, Feny, Mukoro, Waldron, Kelly, Sammons, Guyton, Alphonso James, Wynne, Mukoro, Ward, Adisa, Barrow, Rodas, C. James, Zarate, Carr, Edemu, Darjean, Andrews and Brooks violated his civil rights by denying him access to courts in the following cause numbers: 02-869; 06-40398; 06-40795; 06-746 and 07-40061 by: (1) failing to roll the cell doors in a timely manner to allow for a law library session on May 25, 2005, and failing to follow proper prison protocol in investigating this matter; (2) failing to timely roll the cell doors on April 22, 2006, to allow for a full, scheduled law library session and failing to properly investigate this occurrence; (3) failing to conduct a timely population count on May 12, 2006, to allow for timely egress to a scheduled law library session and failing to properly investigate this incident; (4) failing to roll the cell doors in a timely manner to allow for a law library session on June 1, 2006, and failing to follow proper prison protocol in investigating this matter; and (5) denying him access to the law library on November 12, 2007, and failing to properly investigate the incident.

Smith also asserts that the above named defendants violated his "rights to redress of grievance and due process" in cause numbers 02-869; 06-40398; 06-40795; 06-746 and 07-40061 by (1) concurring with Mossbarger's decision to cancel law library sessions for two (2) hours on December 31, 2007, and failing to investigate whether Mossbarger had engaged in a deceptive act; (2) denying plaintiff access to the law library on March 7, 2008, when his prison

unit was on lockdown and because of an alleged "car keys" incident, and failing to properly investigate the incident; (3) denying plaintiff access to the law library on January 28, 2008, and failing to properly investigate the incident; and (4) denying plaintiff access to the law library on April 7, 2008, and April 22, 2008, and failing to properly investigate the incidents.

Smith also alleges that Defendants A. James, Mukoro, Gerz, Aderinda, Waldron, Mossbarger, Conner, and Ogunsina violated his civil rights in cause numbers 08-194 and 09-009 by failing to timely roll the cell doors to allow for timely egress to the law library on June 13, 2008, and June 18, 2008, and failing to properly investigate the incident; (2) denying him access to a law library session on June 26, 2008, and failing to properly investigate the incident; and (3) denying him timely egress to the law library on September 24, 2008, and failing to properly investigate the incident.

As a result of the incidents described above, Smith states that he "has suffered failed pleadings, . . . briefs not filed and allegations left out of pleadings . . . in litigation to appeal his (4) convictions and conditions of his confinement."

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith.* 430 U.S. 817, 825 (1977). The Fifth Circuit has held that "Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel." *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). The Texas prison system provides both attorneys and law libraries. The parameters of the prison system's access to court plan has been defined in conjunction with the *Ruiz* litigation. This constitutional guarantee does not, however, afford prisoners unlimited access to prison law libraries. *Id.* at 230. In order to state a constitutional violation for denial of access to the courts, plaintiff must show a "relevant actual injury" caused

by the defendants alleged unconstitutional conduct." *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"). The right of access is not unlimited, but encompasses a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or his conditions of confinement. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1999). This requires the inmate to allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to courts. *Lewis*, 518 U.S. at 348.

Smith fails to even vaguely specify, either in his complaint, more definite statement or grievances, what sort of claims he is or was unable to litigate. He asserts only generally that his inability to timely access the law library at his scheduled time, without exception, prevented him from initiating an unidentified action and vindicating his rights. He presents incomplete case numbers in over 20 cases filed since 1992. He does not state where the cases were filed, nor does he identify the court(s) in which the cases were filed. He fails to identify the type of case that each is or how a denial of access to courts affected the outcome of each case listed. The Court carefully examined the grievances filed by plaintiff that dated from 2004, and could find no instance in which a complaint was made about any defendant causing him to miss a deadline or preventing him from filing a lawsuit. In fact, several notations in the replies to his grievances stated that plaintiff had failed to show-up at his scheduled library time. Absent even a paucity of relevant information, this Court cannot evaluate whether the claims that Smith could or would

have raised, based on his occasional hindrance of timely access to the law library, are potentially meritorious.

Plaintiff has not only failed to show that he was denied reasonable access to the law library, he has also failed to show that any defendant prevented him from preparing legal documents or meeting court deadlines; nor has he shown or proven that his legal position in any of the numerous, decade-old cases that he cited in his complaint was prejudiced by a violation. Even assuming plaintiff has alleged an instance of unconstitutional conduct, he has utterly failed to allege any facts showing he suffered an actual injury as a result. Consequently, plaintiff has failed to state a claim on which relief can be granted in a denial of access to courts claim.

Plaintiff's complaint is also dedicated to challenging the constitutionality of not being allowed unfettered access to the law library on every day and at the exact time that he was scheduled for library time. In the first place, restrictions on direct access to legal materials may be warranted when prison security is involved. *Morrow v. Harwell*, 768 F.2d 619 (5th Cir. 1985). In this case, plaintiff has pleaded only that on infrequent occasions over the past eighteen years, a variety of prison situations prevented his access to the law library at his scheduled time. Presumably, plaintiff has not encountered scheduling problems on the thousands of other days over the past eighteen years that he has attended the law library. Plaintiff's complaints of various prison situations that occasionally hindered his lay-ins to the law library are matters that concern the daily, routine functioning of prison units that lie within the discretion of prison administrators and in which Courts are loathe to interfere. *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir.), *cert. denied*, 435 U.S. 1009 (1978). To act otherwise would place the Court in the day-to-day functioning of state prisons and involve the judiciary in issues and discretionary decisions "that are not the business of federal judges." *See Meachum v. Fano*, 427

U.S. 215, 229 (1976). As already noted, plaintiff has shown no harm as a result of these prison inconveniences. This claim is frivolous.

Plaintiff also complains that his complaints were not investigated pursuant to written TDCJ policies and procedures. Such failure, however, if it even occurred, would not amount to a constitutional violation. The mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Moreover, an inmate does not have a constitutional entitlement to an adequate grievance procedure. *See e.g., Antonelli v. Sheahan*, 81 F3d 1422, 1430-31 (7th Cir. 1996). Although it is a condition precedent to filing a suit arising under § 1983, *see* 42 U.S.C. 1997e(a), any right to inmate grievance procedure is a procedural, not substantive right; thus, a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause. *See Flick v. Alba*, 32 F.2d 728, 729 (8th Cir. 1991).

Plaintiff has not shown that any defendant prevented or hindered his efforts to pursue a legal claim. Plaintiff has utterly failed to make a showing of actual injury. He thus has no standing to proceed with an access-to-courts claim.

Based on the foregoing, the Court **ORDERS** that Smith's complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

All pending motions are **DENIED** as moot.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of**

**Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

    SIGNED at Houston, Texas this 19th day of April, 2010.

                                              Kenneth M. Hoyt
                                              United States District Judge