UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLENN FLOYD SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-08-194 |
| | § | |
| DIANE KUKUA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is the plaintiff's motion to alter or amend judgment, filed pursuant to FED.R.CIV.P. 59(e). (Doc. # 30). The plaintiff seeks reconsideration of the court's final judgment of April 19, 2010, but fails to specify the legal basis for his motion.

A motion for reconsideration may be made under either Federal Rules of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Such a motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479. Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. Relief under Rule 59(e) is also appropriate "when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp*., 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479.

The plaintiff's Rule 59(e) motion fails to establish manifest error or offer newly discovered evidence to support Rule 59(e) relief.  The basis of plaintiff's Rule 59(e) motion is that the court did not give him ample time to plead his best case, and, that he "could have remedied his default (if any), by amending his complaint a second time."

Plaintiff filed an amended complaint and was allowed to expand on his allegations in his response to the court's order for more definite statement.  He has failed to show a manifest error of law or present any new evidence to support a Rule 59(e) motion.  Accordingly, the motion to alter or amend judgment pursuant to Rule 59(e) is **DENIED**.

SIGNED at Houston, Texas this 3rd day of November, 2010.

Kenneth M. Hoyt
United States District Judge